# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**TIM HOLLINGTON,**
**Claimant Below, Petitioner**

**FILED**

November 7, 2017
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 17-0164** (BOR Appeal No. 2051533)
                         (Claim No. 2014033241)

**B E AEROSPACE, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

In workers' compensation law, a claimant is entitled to medically related and reasonably required treatment as long as the treatment is for an injury or disease sustained in the course of and resulting from employment. Tim Hollington was working for B E Aerospace, Inc., when he was injured in a motor vehicle accident. We are asked to decide whether orthopedic surgery should be authorized. After a thorough review of the evidence, we find that the requested surgery is not medically related or reasonably required for the compensable injury. We also find, after consideration of the parties' briefs and evidentiary record, that the decisional process would not be significantly benefitted by oral argument. We find no substantial question of law or prejudicial error. Therefore, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hollington was treated by Benjamin Moorehead, M.D., for a work injury. Mr. Hollington reported pain in his left hip and a burning sensation in the thigh. Driving long distances caused increased hip pain. The impression was left hip/pelvic strain involving the left SI joint. Dr. Moorehead referred Mr. Hollington for physical therapy. Mr. Hollington received physical therapy for two months from Dynamic Physical Therapy. He initially presented with symptoms consistent with sacroiliac dysfunction and thoracic sprain/strain following a work-related motor vehicle accident. The diagnoses were listed as pain in pelvic region and thigh, osteitis condensans, and sprain of the sacroiliac region. The claim was held compensable for abrasions to the bilateral knees and a closed head injury. Mr. Hollington was not found to be eligible for temporary total disability benefits as he was disabled for less than three days.

Mr. Hollington testified in a deposition that he was driving a truck, took a turn too fast, and flipped the truck. He had pain in the left side of his body including the shoulder, ribs, and hip. He stated that he was improving with treatment but treatment was then stopped. Since therapy ended, he has experienced increased pain in his ribs and a burning sensation from his

1

lower back to his left hip. Mr. Hollington then completed a reopening form for temporary total disability benefits. Dr. Moorehead listed the diagnosis as left hip sprain with pain and burning over the hip and thigh. He recommended an MRI and physical therapy. Mr. Hollington could return to work for sedentary work only. Dr. Moorehead then stated that he was temporarily and totally disabled from April 28, 2014, until August 31, 2015. A treatment note by Dr. Moorehead indicates Mr. Hollington had continued symptoms with no significant improvement. He diagnosed left hip and pelvic sprain/strain and requested physical therapy and an MRI arthrogram of the left hip. Mr. Hollington was temporarily and totally disabled through the end of August of 2015.

Sushil Sethi, M.D., performed an independent medical evaluation in which he opined that Mr. Hollington has had more than sufficient physical therapy. He stated that Dr. Moorehead did not provide any examination findings and there were no specific objective physical findings that would require physical therapy. On examination, Dr. Sethi found no residuals from the compensable injury that would require physical therapy. There were also no new and distinct findings that would require temporary total disability from June 22, 2014, through August 31, 2015. The compensable conditions would have resolved prior to June 22, 2014. Dr. Sethi determined Mr. Hollington had reached maximum medical improvement and assessed 3% impairment.

Dr. Moorehead stated in a letter that Mr. Hollington remained unable to work pending the approval of an MRI and physical therapy. He also completed an attending physician's form stating that Mr. Hollington was not at maximum medical improvement. His estimated period of disability was from April 28, 2014, through July 1, 2016. Mr. Hollington then testified in a deposition that he has not returned to work or been released to return to work. He has steady back pain in his left hip that goes to his knee and rib cage. He stated that his ribs keep popping in his spine which is causing lumbar spine problems.

The claims administrator denied Dr. Moorehead's request for orthopedic surgery. The Office of Judges affirmed the decision. It found that the claims administrator's decision cites a request from Dr. Moorehead dated January 11, 2016; however, the request was not made a part of the record. The only evidence of record that matches that date is the attending physician's benefits form completed by Dr. Moorehead, which does not request any type of surgery. The Office of Judges concluded that without the request for treatment, there is no way to determine if the cited request for orthopedic surgery is medically related or reasonably necessary to treat the compensable injury. The Office of Judges found that the compensable conditions in the claim are closed head injury, bilateral knee abrasions, and hip sprain/strain, none of which warrant surgery. Furthermore, Mr. Hollington was found to be at maximum medical improvement by Dr. Sethi. The Office of Judges therefore concluded that a preponderance of the evidence failed to show that the requested surgery is medically related or reasonably necessary. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order.

On appeal before this Court, Mr. Hollington argues that Dr. Moorehead performed a differential hip injection which showed that his symptoms are the result of an underlying labral

tear. Mr. Hollington asserts that the surgery should be authorized or that the case should be reversed for a more complete development of the facts. B E Aerospace, Inc., argues that the claim has only been held compensable for abrasions and a hip sprain and surgery is not necessary for these minor injuries. It asserts that any necessity for surgery is due to Mr. Hollington's progressive, non-compensable degenerative conditions.

After review of the evidence of record and consideration of the parties' arguments, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The claim has been held compensable for abrasions, a hip sprain, and a head injury, none of which require surgery. Mr. Hollington was found to be at maximum medical improvement. A preponderance of the evidence indicates that if he requires surgery, it is not related to the compensable injury. We therefore find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 7, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker